BOWEN, Judge,
concurring specially.
I concur only in the majority’s holding that the trial court erred in dismissing the appellant’s case for lack of a speedy trial.
However, I submit that the majority is in error in determining the length of delay involved in this case. The period of time from the return of the indictment until the appellant’s case was reversed on appeal is simply irrelevant in determining whether this particular appellant has been denied a speedy trial. That period should not be counted because the appellant had already had one “trial” when she pleaded guilty.
“Ordinarily the right to speedy trial means speedy trial on an existing charge; delays in connection with successive prosecutions, as such, do not violate any right of the accused. Thus, where a new trial is necessitated because a conviction has been reversed on appeal, the delay between the original arrest and the ultimate indictment or trial is not chargeable to laches on the part of the state, such delay does not therefore demonstrate a violation of the defendant’s right to a speedy trial.”
21A Am.Jur.2d Criminal Law § 657 (1981).
In my opinion, the only period of time relevant in this case is the period of time from the date the appellant’s case was reversed on appeal until the date on which she would have been tried had the circuit court not dismissed the cause for denial of a speedy trial. That is clearly the period of time considered under the Federal Speedy Trial Act when a case is retried after appeal. See 18 U.S.C. § 3161(e) (1988). See generally Project: Nineteenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1988-1989, 78 Geo.L.J. 699, 991 (1990).